(118 App. Div. 276)

MULLER et al. v. CITY OF PHILADELPHIA et al.

(Supreme Court, Appellate Division, First Department.   March 22, 1907.)

DISCOVERY—STATUTORY PROVISIONS—INSPECTION OF WRITING—GROUNDS.

> Where executors and trustees under a will brought an action for the construction of the will and a compromise agreement thereunder, asking that sale of the real estate be decreed, on the ground that if it were not sold they would not have money sufficient to perform their duties of distribution under the will or carry out the compromise agreement, it, was proper to require them to give discovery and inspection of the books, inventories, and records of their trust estate, though certain of the papers required to be produced were within a foreign jurisdiction, a proviso being made in the order that they might produce certified copies, and that the expense of compliance with the order should be paid by the estate.

Appeal from Special Term, New York County.

Action by Charles F. Muller and others, as executors and trustees under the will of Thomas W. Evans, deceased, against the city of Philadelphia and others. From an order granting a discovery and inspection, the plaintiffs and defendant Arthus E. Vallois appeal. Affirmed.

Argued before PATTERSON, P. J., and INGRAHAM, Mc-LAUGHLIN, CLARKE, and HOUGHTON, JJ.

Walcott G. Lane, for appellants.

William L. Turner, for appellant Vallois.

Chas. H. Tuttle, for respondent Thos. W. Evans Museum & Institute Society.

John B. Doyle, for respondent city of Philadelphia.

J. Noble Hayes, for respondent heirs Anna F. Muller and others.

Chas. A. Conlon, for respondents W. W. Evans and others.

CLARKE, J. This is an appeal by the executors and trustees under the last will and testament of Thomas W. Evans, deceased, from an order of the Special Term, requiring them to give a discovery and inspection of the books, inventories, and records of their trust estate. Certain of the executors and trustees brought this action in the Supreme Court of this state making one of their coexecutors and trustees a party defendant, and all parties interested in the estate of the decedent parties to the action.

The complaint alleges that the testator died on or about the 14th day of November, 1897, in the city of Paris, France, leaving a last will and testament which has been admitted to probate in this state; that the decedent owned, at the time of his death, real estate and personal property situated within this state. The complaint alleges the making of compromise agreement which provided for the payment of $800,000 to the heirs and next of kin, that the said sum of $800,000 and counsel fees, commissions, claims, and debts should be paid, and the balance of funds remaining be paid over to the executors in Pennsylvania to be there distributed under order of the court according to law, and in conformity with the provisions of said last will. It alleges the payment of $100,000 under the said compromise agreement, and that after making the said payment, and before the executors under the French jurisdiction were able to sell the real estate in the city of Paris, as provided for in said will and by the said compromise agreement, for the purpose of paying with the proceeds of said sale the legacies in said will and the $700,000 balance provided to be paid by the compromise agreement, legal proceedings were taken in Paris by one John Henry Evans which legal proceedings are still pending, and by reason thereof the executors were unable to sell the bulk of the real estate in Paris. It is alleged that without using the property or proceeds from the sale thereof and the assets of the estate within, and under the jurisdiction of France and of the state of New York, there is not sufficient property in the estate to construct the monument provided for in the will to discharge the legacies, and to pay the sum of $700,000 under the compromise agreement; that under the existing conditions of the estate, the provisions of the sixteenth article of the will, for the building of a museum and the establishment of an institute, cannot be carried out excepting from money derived from the sale of the lands in New York City or the city of Paris; that the legatees under the will are demanding the payment of their pecuniary legacies, and claim that said legacies are charged upon the real estate of the

testator in this jurisdiction by the said will, and the parties of the second part, under the compromise agreement, are demanding and insisting upon the sale of said real estate in the city of New York for the payment of the said $700,000 remaining to be paid, which, by the terms of the said agreement, they claim can be paid them from moneys which may be realized from the estate of the testator either in Europe or in America, and the plaintiffs allege that they are advised by their counsel that the real estate in the state of New York devised in trust for educational, charitable, or benevolent purposes should not be alienated by the trustees unless specially authorized by the will so to do, except upon application to the Supreme Court, and under its direction and supervision. A copy of the will is attached to the complaint, and there does not seem to be contained therein a special power of sale of the real estate situated in this state. The plaintiffs further allege that they have doubts as to the true meaning and intent of the provisions of said will, and as to the particular course which the executors and trustees ought to pursue to carry out the intentions of the testator, and as to the true meaning and intent of the provisions of said compromise agreement in its relation to the said will and the proper course which the executors and trustees ought to pursue to legally, justly and equitably carry out the provisions of said agreement in its relation to said will so that the administration of said will may duly proceed; that the doubts and difficulties aforesaid relate especially to the real estate in the city of New York, the control, management, and sale thereof and disposition of the proceeds when sold, and they ask to be instructed by the court as to their rights and duties under the will and the compromise agreement, and that a sale of said real estate or any part thereof, under the directions of the court, may be ordered if the court adjudge it beneficial and proper for the estate that such sale be made, and that the rights and interests of the respective parties defendant herein in their relations to the said real estate be determined by the court, and for all other relief, just and equitable, necessary and proper, to protect the executors and trustees in the performance of their trust.

It thus appears that the trustees and executors, who by this appeal complain that they ought not to be called upon by the Supreme Court of this state to explain to their cestuis que trustent their doings with their trust estate, have themselves sought the jurisdiction of this court having made all parties interested parties to the proceeding. They have brought the will and the compromise agreement into court, and have prayed the instructions of the court in regard to the proper interpretation of each of these instruments. They have asked for the authority of the court for the sale of the real estate, upon the ground that if said real estate be not sold they will not have in their hands money sufficient to perform their duties of distribution under the will or to carry out their own compromise agreement. It further appears that this court, by its decision reported in 113 App. Div. 92, 99 N. Y. Supp. 93, allowed the answer of the defendant museum and institute to be amended, which amended answer put in issue the validity of the compromise agreement, the interpretation of which is requested by the plaintiffs, and which answer demanded a

full accounting from the executors and trustees over of the proceeds found due on such accounting to the institute. It is evident that it would be impossible for the court, whose jurisdiction the executors and trustees have sought, to properly advise them as to the disposition of the real estate, which can only be sold by order of the court, without being advised of the general situation of the estate, because, if the amount necessary to build the monument and to pay the legacies and the amount due under the agreement can be obtained from the personalty, it ought so to be obtained in the first instance.

This court has jurisdiction because the executors and trustees have sought its aid, and because all the interested parties are before it. It has jurisdiction, because, in order to authorize the sale of the real estate here situate, the exact situation of the whole estate is necessary for a determination. Executors and trustees under a last will and testament hold, perhaps, the highest fiduciary relation known to the law. They owe to the court and to their cestuis que trustent the utmost frankness of explanation of their dealings with their trust estate. When they come asking advice and aid in the performance of their trust the court can view with little patience obstacles interposed by them to prevent a full disclosure of the facts. It may well be that by reason of the diverse legal proceedings in the courts of three jurisdictions, these plaintiffs are not responsible for all of the delay in the settlement of this estate, and the carrying out of the last wishes of the testator, and we do not consider or pass upon any other matter than the one immediately before us. That matter is the interpretation of the will and the compromise agreement and whether the court should authorize the sale of the New York real estate. For that decision a full disclosure of the condition of the estate and the conduct of the trustees in its management is material and necessary. Under such circumstances, the order appealed from was proper to put the cestuis que trustent and the court in possession of the facts necessary to a determination of the ultimate issue of this litigation. The order appealed from, while it provides for an inspection of the books and papers in a foreign country, must be considered in view of the fact that those books and papers are the books and papers of these plaintiffs who here come into court asking advice in regard to the very estate of which these books and papers contain the record. The order also provided that in lieu of the originals the plaintiffs could produce certified copies, and further provided that the expense of compliance with this order should be paid by the estate. Both of these provisions were wise and proper.

The order appealed from should be affirmed, with $10 costs and disbursements. All concur.